UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MONIQUE CARTER,

        Plaintiff,

        v.

LEAH NEWMAN, et al.,

        Defendants.

Civil Action No. 13-5139 (MAS) (LHG)

**MEMORANDUM OPINION & ORDER**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendant Leah Neuman's ("Defendant") motion to strike portions of the Complaint. (ECF No. 12.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

**I.    BACKGROUND**

    Plaintiff Monique Carter ("Plaintiff"), *pro se*, filed a Complaint seeking declaratory and injunctive relief and monetary damages for alleged violations of the Fair Housing and Americans with Disabilities Acts, abuse of process, and malicious prosecution. (*See generally* Second Am. Compl., ECF No. 5.) Defendant moves to strike certain portions of Plaintiff's Complaint as immaterial, impertinent, or scandalous. (Def.'s Br. 5.) Plaintiff did not file substantive opposition to the motion. Rather, Plaintiff requested the appointment of *pro bono* counsel. (ECF No. 13.) Plaintiff's *pro bono* application is currently pending before the Honorable Lois H. Goodman, U.S.M.J. (ECF No. 19.) Although Plaintiff did not file substantive opposition to the motion, the Court finds the motion ripe for disposition in light of the material Defendant seeks to strike and relevant case law.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993) (quoting *River Rd. Dev. Corp. v. Carlson Corp.*, No. 89-7037, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)). A court has "considerable discretion" in deciding a Rule 12(f) motion. *Id.*

### A. Request to Strike Dollar Amounts Contained in the Complaint's *Ad Damnum* Clauses

In her Complaint, Plaintiff requests relief in the form of "compensatory damages in the sum of $3,000,000," as well as "punitive and/or exemplary damages in the sum of $3,000,000." (Compl. ¶¶ 20a, 26a, 40.) Defendant argues that Plaintiff's demands are improper under Local Civil Rule 8.1, which provides that "[a] pleading which sets forth a claim for relief in the nature of unliquidated money damages shall state in the *ad damnum* clause a demand for damages generally without specifying the amount." *See* L. Civ. R. 8.1. The Court agrees.

Courts in this district have enforced the requirement of Local Civil Rule 8.1. *See, e.g., Abulkhair v. Bush*, No. 08-5410, 2008 WL 5416401, at *2 (D.N.J. Dec. 22, 2008) (finding that Plaintiff inappropriately asserted $100,000 in unliquidated damages in direct contravention of Local Civil Rule 8.1); *Waddington N. Am. Inc. v. Sabert Corp.*, No. 09-4883, 2010 WL 3907036, at *10 (D.N.J. Sept. 29, 2010) (striking dollar amounts in *ad damnum* clause where plaintiff conceded violation of Local Civil Rule 8.1); *H2O Plus, LLC v. Arch Pers. Care Prods., L.P.*, No. 10-3089, 2011 WL 2038775, at *6 (D.N.J. May 22, 2011) (striking dollar amounts listed in *ad damnum* clauses pursuant to Local Civil Rule 8.1); *Educ. Impact, Inc. v. Danielson*, No. 14-937,

2015 WL 381332, at *21 (D.N.J. Jan. 28, 2015) (holding "[t]o the extent that the assertion of $20 million is a demand for damages, it is improper and will be stricken from the Amended Complaint").

Plaintiff's Complaint in the present case contained specific demands for unliquidated damages, which clearly violates Local Civil Rule 8.1. Therefore, the dollar amounts will be stricken from the Complaint.

B. Request to Strike Allegedly Scandalous Material from the Complaint

Defendant seeks to strike the phrase "N----- Chasing"[1] from paragraph 25 of the Complaint. (Def.'s Br. 3-4.) Defendant argues that the vile nature of the "N word" has no useful purpose other than an effort to inflame passions of the reader. (*Id.* at 4.) Defendant also seeks to strike two allegedly defamatory images contained in the material following the signature page of Plaintiff's Complaint. (*Id.*) The first is the image of a sign that states, "We serve White's only. No Spanish or Mexicans." (*Id.* at 4.) The second is the image of Adolf Hitler that states, "First Amendment Freedom of Speech. A racist loser." (*Id.*)

Here, Plaintiff's reference to the phrase and utilization of the images are both impertinent and prejudicial to Defendant. Indeed, the "N word," the segregation-related image, and photo of Hitler are highly inflammatory and do nothing to explicate the allegations in the Complaint. As such, they will be stricken.

C. Request to Strike Allegedly Immaterial Content from the Complaint

Defendant seeks to strike the body of the *Neudecker v. Boisclair Corp.* opinion contained in the Complaint. According to Defendant, the *Neudecker* opinion does not concern the Plaintiff

---

[1] "N-----" and "N word" are used as substitutes in this opinion for the racial slur used in the Complaint.

3

or Defendant and has nothing to do with the case before the Court. (Def.'s Br. 3.) Defendant further requests the Court to strike all of the documents following the signature page of Plaintiff's complaint, which include (1) a complaint filed in the Superior Court of New Jersey by Defendant's husband against Plaintiff; (2) documents regarding violations of orders issued by Long Branch; and (3) medical records of Plaintiff's children. (*Id.* at 4.)

The Court finds that the *Neudecker* opinion is not material to the Complaint. Moreover, it was inappropriate for Plaintiff to include the *Neudecker* opinion in the body of her Complaint. However, Defendant did not argue or otherwise demonstrate that inclusion of the *Neudecker* opinion in the Complaint was prejudicial. Similarly, while certain documents that follow the Complaint may be immaterial, Defendant did not specifically allege or otherwise demonstrate that inclusion of the documents was prejudicial. Therefore, the Court denies Defendant's request to strike the material from the Complaint.

### III.   ORDER

For the reasons set forth above, and for other good cause shown, **IT IS** on this 27th day of February, 2015, **ORDERED** that:

    A.    Defendant's motion to strike is granted in part and denied in part.

          1.    Defendant's motion is granted as to: (a) the dollar amounts contained in the Complaint's *ad damnum* clauses; (b) reference to the term "N----- chasing" contained in paragraph 25 of the Complaint; and (c) the segregation and Hitler images located in the material following the signature page of the Complaint.

          2.    Defendant's motion is denied as to the *Neudecker* opinion and the remainder of the documents following the signature page of the Complaint.

B.  The Court shall enter a scheduling order following Judge Goodman's decision on Plaintiff's pending application for *pro bono* counsel.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**