UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MONIQUE CARTER,**<br><br>     Plaintiff,<br><br>v.<br><br>**LEAH NEUMAN,**<br><br>     Defendant. | Civil Action No. 13-5139  (MAS)(LHG)<br><br>**REPORT & RECOMMENDATION** |

This matter has been opened by the Court *sua sponte* as a result of Plaintiff's failure to comply with this Court's orders and failure to appear for several scheduled conferences.  For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

I.      BACKGROUND AND PROCEDURAL HISTORY

On August 27, 2013, *pro se* Plaintiff Monique Carter ("Plaintiff") filed this matter against Defendant Leah Neuman "(Defendant"), making various claims arising out of a landlord/tenant relationship.  Complaint [Docket Entry No. 1]; *see also* Amended Complaint [Docket Entry No. 3] and Second Amended Complaint, which is hereinafter referred to as the "Complaint" [Docket Entry No. 5].  By Order dated May 21, 2014, Plaintiff was granted *in forma pauperis* status and the Second Amended Complaint was docketed.  [Docket Entry No. 6].

Defendant moved to strike certain portions of the Complaint on July 21, 2014 [Docket Entry No. 12], and that motion was granted in part and denied in part by Memorandum Order and Opinion entered on February 27, 2015.  [Docket Entry No. 20].  The decision left open the possibility that a further motion to strike would be considered if additional information with

1

regard to the prejudicial nature of some of the content of the Complaint were submitted; on April 13, 2015, Defendant filed a second Motion to Strike, including additional support as to prejudice. [Docket Entry No. 23].

While the first Motion to Strike was still pending, the undersigned conducted a status conference call on the record on October 14, 2014. Plaintiff appeared *pro se* for the call, but was accompanied by her brother, who asked to speak for Plaintiff on the call because he has power of attorney for her. Although the undersigned cautioned Mr. Carter that he could not represent Plaintiff in this case, given that he is not an attorney, I did allow him to assist her for that conference but not to act as her attorney or represent her. During the call, Plaintiff and her brother indicated that Plaintiff is disabled and therefore entitled to have counsel appointed in this matter. The undersigned explained the procedure to apply for appointment of pro bono counsel, suggested that Plaintiff supplement her then-pending application for counsel, and gave her 30 days to do so if she chose. *See* Order dated October 16, 2014, memorializing the deadline set during the conference call. [Docket Entry No. 17]. Plaintiff submitted additional information on or about November 14, 2014 in support of her request for the appointment of counsel. [Docket Entry No. 19]. After reviewing the initial application and the supplemental information provided, the undersigned denied the application for appointment of pro bono counsel on March 2, 2015. [Docket Entry No. 21].

On March 30, 2015, the Court scheduled an in-person Initial Conference to take place on May 4, 2015 at 11 a.m. A copy of the text order scheduling the conference was sent to Plaintiff by the Clerk's Office. In addition, Defendant's counsel was instructed in the order to separately advise Plaintiff of the date and time of the conference.

On May 4, 2015, counsel for Defendant appeared for the Initial Conference. Plaintiff, however, did not appear. Counsel for Defendant confirmed that he had sent notice to Plaintiff of the conference via certified mail, and that she had signed for it, confirming receipt. To allow Plaintiff another chance to be heard, the Initial Conference was adjourned to June 16, 2015 at 9:30 a.m.[1] The adjourned date and time for the conference were set forth in a Letter Order dated May 14, 2015 [Docket Entry No. 25], which was mailed to Plaintiff by the Clerk's Office. Defendant was also instructed to serve a copy of the Letter Order on Plaintiff separately. The Letter Order made clear that the failure to appear could lead to possible sanctions, including the dismissal of the lawsuit.

On the new date for the conference, June 16, 2015, counsel for Defendant again appeared but Plaintiff did not, despite the fact that the Court and counsel waited for an hour past the scheduled start time. Counsel for Defendant stated on the record that he had sent notice to Plaintiff of the conference via both regular and certified mail. Although the certified mail had not been picked up at the post office, the regular mail notification was not returned in the mail as undeliverable. Similarly, the notice sent by the Clerk's Office was not returned in the mail as undeliverable.

Based upon the failure of Plaintiff to appear for either the May 4 or the June 16 conferences, the undersigned determined it was appropriate to order Plaintiff to show cause why the matter should not be dismissed, thereby giving Plaintiff a final opportunity to proceed with her case. [Docket Entry No. 27]. Accordingly, an Order to Show Cause was placed on the docket on June 26, 2015, requiring Plaintiff to appear in person on July 10, 2015 at noon, and to

---

[1] Several hours after the conference, Plaintiff's brother called the Chambers of the undersigned. He did not indicate why his sister had missed the conference but made it clear she was aware of it. He was told that the conference was being rescheduled and was given the new date and time.

confirm in writing her intention to appear by no later than July 8, 2015.  Plaintiff was advised that if she failed to appear on July 10, 2015, "this matter will be subject to sanctions up to and including possible dismissal of the case." [Docket Entry No. 27].  The Clerk's Office was instructed to immediately send a copy of the Order to Show Cause to Plaintiff via certified and regular mail, and Defendant was similarly instructed to serve Plaintiff and to file a Certification of Service on the docket.

Nothing was filed by Plaintiff on July 8, and on July 10, she did not appear for the return of the Order to Show Cause.  Counsel for Defendant did appear, and he indicated on the record that his office had served the Order to Show Cause on Plaintiff and that she had signed for it, acknowledging her receipt.  *See also* Certification of Counsel as to Service on Plaintiff, filed June 29, 2015 [Docket Entry No. 28].

No further communications have been received by the undersigned from Plaintiff with regard to this matter.

II.     ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to obey court orders or otherwise prosecute a case.  *See* FED. R. CIV. P. 41(b); *see also Bailey v. Secretary Veterans Administration*, 535 F. App'x 93 (3d Cir. 2013) (affirming dismissal of *pro se* party's complaint for failure to prosecute); *see also Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (affirming dismissal of action after *pro se* plaintiff failed to comply with an order to show cause or to explain why he was not prosecuting the case).  Where such failures have occurred, dismissal may be an appropriate penalty.  *Id*.

In determining whether to impose an order of dismissal as a sanction for discovery violations, courts consider the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984), including:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 F. App'x 252, 254–55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

Pursuant to the March 30, 2015 Order, Plaintiff was required to appear for the Initial Conference on May 4, 2015. When she did not appear, that conference was rescheduled to June 16, 2015. After her second non-appearance, the Order to Show Cause was issued, requiring her to appear on July 10, 2015. On each occasion, Plaintiff was served with notice, both by the Clerk's Office and by counsel for Defendant. Plaintiff herself signed for the notice several times, evidencing actual receipt. Based on the foregoing, the undersigned respectfully suggests that the only conclusion with regard to the first *Poulis* factor is that Plaintiff knew of her obligation and failed to appear, and any fault to be assessed is hers and hers alone.

The undersigned recommends a finding that the second *Poulis* factor also weighs in favor of dismissal, given that counsel for Defendant has appeared in this courthouse several times, each time expecting to proceed with the case. Each time, Plaintiff has failed to appear, with no

explanation or excuse, leading Defendant to incur mounting attorneys' fees for appearances that were unnecessary.

The same lack of participation has delayed final resolution of the case, leading the undersigned to respectfully recommend a finding that the third factor also supports the dismissal of Plaintiff's claims with prejudice.

Although there is no evidence that Plaintiff has litigated this matter in bad faith, the Court does find that her conduct has been willful. As detailed above, Plaintiff has disregarded Orders and conference dates of which she was clearly aware. The systematic neglect by Plaintiff supports a finding of willfulness. The undersigned therefore recommends a finding that the fourth *Poulis* factor supports the dismissal of this matter with prejudice.

The record of Plaintiff's unresponsiveness suggests that alternative sanctions would be futile. Indeed, despite being faced with an Order to Show Cause that explicitly threatened the dismissal of her case, Plaintiff chose not to submit anything in writing on July 8 or to appear on July 10 for the scheduled hearing. On the facts presented here, the undersigned respectfully recommends a finding that no lesser sanction would be effective. *See Jackson Hewitt Inc. v. Larson & Savage, Inc.*, Civ. No. 13-403, 2014 WL 4384535, at *3 (D.N.J. Sept. 2, 2014) (non-participation is sufficiently indicative that alternative sanctions would not be effective).

In light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiff's claims. Accordingly, the Court respectfully recommends finding this factor to be deemed neutral.

Under these circumstances, the undersigned concludes that dismissal of Plaintiff's claims with prejudice is warranted. Plaintiff voluntarily filed this case. After doing so, and appearing for one telephonic conference, she essentially failed to take any steps towards advancing this

matter to trial.  Plaintiff failed to appear for an Initial Conference, despite repeated opportunities to do so, nor did she ask for an adjournment of any of the dates or additional time to comply.  As a result, this Court respectfully recommends that this matter be dismissed with prejudice.

The Court having considered this matter pursuant to L.Civ.R. 78.1(b) and having given consideration to the *Poulis* factors; and for good cause shown;

IT IS on this **14th** day of **August, 2015**,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have fourteen days from the date of this Report and Recommendation to file and serve objections to the proposed findings and recommendations.

*/s/ Lois H. Goodman*

**LOIS H. GOODMAN**
**United States Magistrate Judge**