UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MONIQUE CARTER,

        Plaintiff,

        v.

LEAH NEUMAN,

        Defendant.

Civil Action No. 13-5139 (MAS) (LHG)

**MEMORANDUM ORDER**

    This matter comes before the Court following the Report and Recommendation of the Honorable Lois H. Goodman, U.S.M.J., recommending the dismissal of Plaintiff's Complaint with prejudice for failure to comply with Court orders and failure to appear for scheduled conferences. (R&R, ECF No. 31.) As set forth in Judge Goodman's Report and Recommendation, Plaintiff disregarded a March 30, 2015 Order and failed to appear for an Initial Conference on May 4, 2015 despite notification of the conference from both the Court and counsel for Defendant. (R&R 3.) Following Plaintiff's failure to appear for the Initial Conference, the Court issued an Order to Show Cause requiring Plaintiff's appearance on June 16, 2015. (*Id.*) Plaintiff failed to appear on June 16, 2015 despite notification from the Court and counsel for Defendant. (*Id.*)

    Local Civil Rule 72.1(c)(2) provides that a court must make a *de novo* determination regarding any portions of a Report and Recommendation objected to by a party. Although Plaintiff did not file objections to the Report and Recommendation, the Court has carefully considered it. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (finding that "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report").

    In determining the appropriateness of dismissal as a sanction, courts look to the following factors:

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Judge Goodman's well-reasoned opinion weighed the *Poulis* factors and correctly concluded that dismissal is appropriate. After a careful review of the record and the Report and Recommendation, the Court agrees that the first through fifth *Poulis* factors all weigh in favor of dismissal and the sixth *Poulis* factor should be deemed neutral. Accordingly, the Court determines that the case should be dismissed with prejudice.

Based on the foregoing, and for other good cause shown,

IT IS on this 14th day of September 2015 **ORDERED** that:

1. The Report and Recommendation of Judge Goodman is ADOPTED.

2. Plaintiff's Complaint is dismissed with prejudice.

3. The Clerk shall mark this case closed.

                                                    s/ Michael A. Shipp  
                                                    **MICHAEL A. SHIPP**  
                                                    **UNITED STATES DISTRICT JUDGE**